[No. 13492.   Department One. — December 5, 1889.]

F. P. CADY, ASSIGNEE OF J. G. LEONARD, AN INSOLVENT DEBTOR, RESPONDENT, *v.* MRS. LEONARD, SEN., APPELLANT.

INSOLVENCY — REPLEVIN BY ASSIGNEE — FRAUD — PLEADING. — A complaint by the assignee of an insolvent debtor, which alleges that certain personal property belonged to the insolvent; that the same was wrongfully withheld from the schedule of assets; that the defendant wrongfully and without the consent of the plaintiff came into possession of and retained the same, claiming to be the owner thereof, and had no title to or right to possession of said property, but that the same was the property of the insolvent, and that the plaintiff, as his assignee, was the owner and entitled to the possession of the same; that a demand had been made of the property, but the defendant had refused to give possession of the same, — states a cause of action which does not depend upon the ground of fraud, and is sufficient without any allegation of fraud, special or general.

ID. — EVIDENCE — RELEVANCY TO ISSUES — FRAUDULENT TRANSFER. — In an action of replevin by the assignee of an insolvent debtor, where no fraudulent transfer of the property is alleged, evidence that the defendant was the mother of the insolvent, and that he " turned over " to her certain of his property "needed for his family," including the property in controversy, and that she told him at the time to turn over " what was most needed for his family," does not tend to show a fraudulent transfer of the property, or any transfer, but rather that it was a mere pretense of a transfer to mislead, and is competent and relevant to prove the ownership of the property in the insolvent debtor, and not in the defendant.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*Shinn & Masten,* for Appellant.

*J. D. Goodwin, D. W. Jenks,* and *E. R. Dodge,* for Respondent.

WORKS, J.—This action was brought by the respondent, as assignee of an insolvent debtor, against the appellant, to recover certain personal property alleged to have been the property of the insolvent at the time of the assignment.

The complaint alleges in substance that the property belonged to the insolvent; that the same was wrongfully withheld by him from the schedule of assets; that the defendant wrongfully, and without the consent of the plaintiff, came into possession of and retained the same, claiming to be the owner thereof, and that she had no title to or right to possession of said property, but that the same was the property of the insolvent, and the plaintiff, as his assignee, was the owner and entitled to the possession of the same; that a demand had been made of the property, but the defendant had refused to give possession of the same.

It is contended by the appellant that the complaint was bad because the plaintiff's right to recover was based upon fraud, and the fraud was not alleged. But we do not understand that the cause of action depended upon a claim of fraud. The complaint was based solely upon the grounds that the plaintiff was the owner of the property in controversy, and that the defendant was wrongfully withholding the possession thereof under a claim of ownership in her. The complaint was, therefore, sufficient without any allegation of fraud, specific or general.

It is further contended that certain evidence offered on the part of the plaintiff was erroneously admitted, because it tended to show a fraudulent transfer of the property by the insolvent to the defendant, and there was no allegation of fraud in the complaint. But as we understand the evidence, it does not show or tend to show any transfer of the property, either fraudulently or otherwise, from the insolvent to defendant. It appears from the evidence that the defendant was the mother of the insolvent; that the evening before the petition in insolvency was filed he "turned over" to her certain of his property "needed for *his* family," including the property in controversy, and that she told him at the time to turn over "what was most needed for his family," and he said "he would need the stage-coach to take his family in when he went out, and the stove he needed for his pre-emption, and the tents he needed when he took his family out camping." This evidence did not tend to show a fraudulent transfer of the property, but that there was no transfer at all, and that the "turning over" of the same was a mere pretense of a transfer to mislead. The evidence was clearly competent to prove both of the allegations of the complaint, that the insolvent was the owner of the property, and that the defendant was not. Other items of evidence are objected to as incompetent and irrelevant, but all of these objections are without foundation.

It is asserted that the findings are not sustained by the evidence, but we cannot agree with counsel for appellant on this point. We think the findings are fully sustained by the evidence, and that the judgment was right.

Judgment affirmed.

PATERSON, J., and FOX, J., concurred.